IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE No. 1:11cv36
[Criminal Case No. 1:04cr10-3]

ANTONIO MENDOZA PORTILLO,  )
                           )
        Petitioner,        )
                           )
        v.                 )    **O R D E R**
                           )
UNITED STATES OF AMERICA,  )
                           )
        Respondent.        )
_____ )

**THIS MATTER** is before the Court upon Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed February 11, 2011.[1]  [Doc. 1].  No response is necessary from the Government.

## PROCEDURAL HISTORY

On February 4, 2004, Petitioner was indicted with two other persons and charged with bank robbery and aiding and abetting that offense, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count One); armed bank robbery

---

[1] Petitioner's Motion contains a certification advising the Court that he delivered it to Prison authorities for posting to this Court on February 11, 2011.  Therefore, pursuant to the "mailbox" rule articulated in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the Court will treat the Motion as having been filed on February 11, 2011 rather than on the date it was received by the Court, February 16, 2011.

and aiding and abetting that offense, in violation of 18 U.S.C. §§ 2113(d) and 2 (Count Two); and using and carrying a firearm during and in relation to a bank robbery and aiding and abetting that offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Three). [Criminal Case No. 1:04cr10-3, Doc. 8].

On June 24, 2010, Petitioner appeared before the Court with counsel and an interpreter for a Plea and Rule 11 hearing. On that occasion, the Court engaged Petitioner in its standard, lengthy colloquy to ensure that he understood the nature and consequences of the proceedings and his actions, and that his pleas were being freely and voluntarily tendered.[2] During the plea colloquy, Petitioner affirmed under oath that he understood the elements of the offenses to which he was pleading guilty and the maximum penalties he faced; that he understood the rights that he was relinquishing by virtue of his guilty pleas; and that he understood how the Sentencing Guidelines might apply to his case. Petitioner further affirmed that no one had threatened or coerced him into pleading guilty, and that no

---

[2] Although there is no official transcript of the Plea and Rule 11 hearing in the record because Petitioner did not file a direct appeal, the Court has listened to the audio recording of the Plea and Rule 11 hearing. Further, the Rule 11 Inquiry and Order of Acceptance Plea form, which was prepared by the Magistrate Judge during the Plea and Rule 11 hearing, accurately reflects the substance of the Plea and Rule 11 hearing. [Criminal Case No. 1:04cr10-3, Doc. 32].

one had made him any promises of leniency in order to induce his pleas. Petitioner also affirmed that he was, in fact, guilty of the subject charges, and that he was satisfied with the services of his attorney. The Court accepted Petitioner's pleas, finding that they were knowingly and voluntarily made with an understanding of the charges, penalties and consequences of such pleas. [Criminal Case No. 1:04cr10-3, Doc. 32].

Prior to Petitioner's sentencing hearing, the Probation Office submitted a Presentence Report ("PSR"). Based on a total offense level of 19 and a criminal history category of I, the Probation Officer calculated an advisory range of imprisonment of 30 to 37 months for Counts One and Two. [Id., Doc. 34 at ¶¶ 26, 30 and 49]. The Officer also reported that Petitioner was subject to a consecutive term of 84 months' imprisonment for the firearm charge under Count Three. [Id. at ¶ 49]. On October 14, 2010, counsel for Petitioner filed objections which did not have any impact on the recommended sentencing calculations. [Id., Doc. 37].

On November 23, 2010, the Court held a Factual Basis and Sentencing hearing. During that proceeding, the Court adopted the calculations set forth in the PSR without change. The Court sentenced Petitioner to terms of 30 months' imprisonment for Counts One and Two

and to a consecutive term of 84 months' imprisonment for Count Three, for a total of 114 months' imprisonment. [Id., Doc. 41].

Petitioner did not appeal his convictions or sentences to the Fourth Circuit Court of Appeals. Rather, on February 16, 2011, Petitioner filed the instant Motion arguing that he was threatened and coerced into committing the subject offenses by his cousin, a co-conspirator, and that he never possessed a firearm. [Doc. 1 at 2].

## LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits, and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Id. Following such review, it plainly appears to the Court that Petitioner is not entitled to any relief on his claims.

Petitioner alleges that he was coerced into committing his crimes by his cousin, a co-conspirator, and that he did not possess a firearm during

the robbery. Petitioner, however, did not file an appeal raising these or any other claims for review.

Generally, claims that could have been, but were not, raised on direct review are procedurally barred by default. Indeed, "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (citation and internal quotation marks omitted). Thus, in order to collaterally attack a conviction or sentence based upon errors that could have been pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of, or that he is actually innocent. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).

Petitioner does not attempt to establish cause and prejudice in order to excuse his procedural default of his claims. Furthermore, to the extent that his assertions that he was forced to commit the subject crimes and that he did not possess a gun during the robbery can be construed as a claim that he is actually innocent of these offenses, such assertions must fail.

In order to establish a claim of duress, a defendant must show: (1) that he was subjected to an unlawful and present threat of death or serious bodily injury at the time that the crime was committed; (2) that he did not recklessly place himself in a situation where he would be forced to engage in the criminal act; (3) that he had no reasonable legal alternative to either the criminal act or the avoidance of the threatened harm; and (4) that there was a direct causal relationship between the criminal act and the avoidance of the threatened harm. United States v. Ricks, 575 F.3d 198, 202 (4th Cir. 2009). In the instant case, other than Petitioner's belated, self-serving allegations that his cousin threatened to harm him or his family in El Salvador if he refused to commit these crimes, there is absolutely no evidence in this record to support Petitioner's claim of duress. Notably, despite the fact that Petitioner was given ample opportunity to address the Court, he made no mention of these circumstances during either of his hearings with the Court. Similarly, the record shows that Petitioner declined his opportunity to make a statement regarding the circumstances of his offenses when he was interviewed by the Probation Officer. [Criminal Case No. 1:04cr10-3, Doc. 38 at ¶11]. On the contrary, Petitioner admitted his participation in the offenses, accepted responsibility for his

conduct and was recommended by the Probation Officer to receive a reduction in his offense level because of those facts. [Id. at ¶¶14, 25]. Therefore, Petitioner has failed to establish his actual innocence of Counts One and Two on the basis of duress.

As to his allegation regarding the firearm, Count Three of the Indictment charged Petitioner with having used and carried a firearm during the bank robbery or having aided and abetted that firearm offense. [Criminal Case No. 1:04cr10-3, Doc. 3]. Although Petitioner denies that he possessed a firearm during the robbery, he admits that his co-defendant, Hector Rivera, possessed a pistol during the offenses. [Doc. 1 at 2-3]. Moreover, the record reflects that co-defendant Rivera also pled guilty to that firearm offense under Count Three of the Indictment. [Criminal Case No. 1:04cr10-1, Docs. 12 and 15].

The law is clear that "every jurisdiction – all States and the Federal Government – has expressly abrogated the distinction among principals and aiders and abettors . . . these jurisdictions treat similarly principals and aiders and abetters . . . ." Gonzales v. Duenas-Alvarez, 549 U.S. 183, 189-90, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007). Thus, "[a]iders and abettors are liable to the same extent as the principal." United States v. Akinkoye,

185 F.3d 192, 201 (4th Cir. 1999) (affirming sentence of defendant convicted of aiding and abetting credit card fraud based on full amount of the loss). Consequently, on this record Petitioner cannot establish his actual innocence on the basis of his claim that he personally did not possess a firearm during the offenses.

## CONCLUSION

Upon careful consideration of Petitioner's Motion to Vacate, the record of the prior proceedings, and the relevant legal precedent, the Court finds that Petitioner is not entitled to any relief and therefore his § 2255 Motion must be dismissed. The Court further finds that Petitioner has not made a substantial showing either that the Court's dispositive ruling is debatable or that his § 2255 Motion states a debatable claim of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed. 542 (2000) (when relief is denied on procedural grounds, petitioner must establish both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2254 Proceedings in the United States District Courts.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. 1] is **DENIED and DISMISSED**.

Signed: June 10, 2011

Martin Reidinger
United States District Judge